# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 16, 2001 Session

## RAYMOND O. JACKSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. C-3599     Steve R. Dozier, Judge**

---

**No. M1999-02106-CCA-R3-PC - Filed July 26, 2001**

---

The petitioner appeals the trial court's dismissal of his petition for post-conviction relief. Specifically, he contends that the trial court denied him an opportunity to have a full and fair hearing on the merits of his claim. After review, we agree with the trial court and affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Jefre S. Goldtrap, Nashville, Tennessee, for the appellant, Raymond O. Jackson.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Kymberly L. A. Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Raymond O. Jackson, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. He asserts that he was denied a "full and fair hearing" on this his third petition for post-conviction relief.

### Facts

On March 6, 1980, the petitioner was convicted of assault with intent to murder, kidnapping for robbery, and armed robbery. The trial court imposed a sentence of five to twenty-one years for assault, fifteen years for robbery, and fifty years for kidnapping. The sentences were ordered to run consecutively. See Raymond O. Jackson v. State, No. 01C01-96908-CR-00368, 1998 WL 30255, at *1 (Tenn. Crim. App., filed January 28, 1998, at Nashville).

The petitioner filed his first post-conviction on October 26, 1982, alleging that trial counsel was ineffective for failing to investigate the case properly or adequately confer with him, and for failing to present an alibi defense. The trial court dismissed the petition on October 26, 1982. This court affirmed the dismissal. Raymond O. Jackson v. State, Davidson County, No. 82-217-III(Tenn. Crim. App., filed November 25, 1983, at Nashville). The Tennessee Supreme Court denied permission to appeal on March 12, 1984.

The petitioner filed a second post-conviction petition alleging that trial counsel failed to have him evaluated for mental competency and failed to advance an insanity defense. The trial court denied the petition, and this court affirmed the denial, holding that the issue had been waived because it should have been included in the first petition for post-conviction relief. Raymond O. Jackson v. State, No. 85-329-III (Tenn. Crim. App., filed December 18, 1986, at Nashville). The Tennessee Supreme Court denied permission to appeal on March 9, 1987.

On June 30, 1989, the petitioner filed a third post-conviction petition. The trial court dismissed the petition on February 13, 1990, "but later withdrew the order of dismissal to allow the Petitioner to present further evidence. On March 12, 1996, the trial court entered an order denying the petition," and the petitioner filed a notice of appeal on April 11, 1996. Raymond O. Jackson v. State, No. 01C01-96908-CR-00368, 1998 WL 30255, at *1 (Tenn. Crim. App., filed January 28, 1998, at Nashville). The record on appeal did not contain a copy the petition or transcript of any hearing on the matter. From the trial court's order denying the petition, this court determined that the petition, like the second one, challenged the effectiveness of trial counsel for failure to pursue a competency evaluation and an insanity defense. It appeared that the petition also challenged the effectiveness of the petitioner's prior post-conviction counsel for failing to raise the first issue in previous post-conviction petitions. Id. at *3-5.

A panel of this court held that the documents necessary to complete the record on appeal "were apparently lost or misplaced through no fault of the petitioner. The trial court clerk attempted to locate the entire case file, but to no avail." Id. at *6. The case was remanded back to the trial court for further proceedings. This court ordered that the case first proceed "with an attempt by the parties to reconstruct the record." This court stated:

> [T]he burden is first on the Petitioner to attempt to reconstruct a sufficient record of the proceedings below. This attempt will obviously take place in conjunction with input and a response from the District Attorney General's office. Upon completing the reconstruction of a sufficient record, the Petitioner and the State shall present the record and their arguments on the issues raised to the trial court. We recognize that the passage of time has rendered this task difficult, if not impossible. If the Petitioner and the State cannot reconstruct a sufficient record to allow meaningful review of the issues presented, we see no alternative but to allow the Petitioner to file an amended petition for post-conviction relief. In that event, we direct the trial court to allow the Petitioner to file the amended petition for post-conviction relief relating back to his original, pro se petition, apparently filed on June 30, 1989. Proceedings on the amended petition must then begin anew.

Id. at *6 (emphasis added).

On July 26, 1999, the trial court for Division III of the Davidson County Criminal Court recused itself because the petitioner had failed to execute a written waiver regarding the court's prior employment with the District Attorney General's office. The court noted that the case had been docketed on 19 different dates and that the petitioner had not reconstructed the record or filed an amended petition. On November 3, 1999, the trial court in Division I entered an order dismissing the post-conviction petition a second time because the petitioner failed to comply with this Court's order to reconstruct the record or file an amended petition.

In dismissing the petition, the court noted that it had set three prior hearings on the petition. At the last setting on October 1, 1999, counsel for the petitioner stated that any amended petition or other necessary documents would be filed with the court by October 5, 1999. This date was set by the court because the State needed time to prepare for the hearing, which was then set for November 5, 1999. The court further noted that counsel for the petitioner had sent the court a letter dated October 25, 1999, requesting additional time to file the amended petition. The court allowed the extension; however, no documents were ever filed. The court stated that Division I and III of the Criminal Courts of Davidson County had been trying to resolve this matter for approximately 19 months and that the case had been set for hearing 23 times. The court included transcripts of three of the hearings as exhibits. The court stated, "At each of those hearings, counsel for the petitioner stated that the Post Conviction petition would be voluntarily dismissed or an amended petition filed. This court has extended every opportunity to the petitioner and counsel on the record in open court on numerous occasions to comply with Orders of this Court and the Appellate Court."

The petitioner filed a pro se Notice of Appeal on November 19, 1999. On August 7, 2000, he filed a motion to supplement the record stating that he had recently found copies of the lost post-conviction petition. However, this court entered an order on October 6, 2000, denying the request, stating that the items were never presented to or authorized by the trial court and the petitioner, through previous counsel, "had the opportunity to present these items to the trial court upon remand but failed to do so."

## Analysis

The petitioner contends that the trial court erred in dismissing his petition for post-conviction relief and, therefore, denied him a full and fair hearing on the merits of his claim. The crux of our analysis begins with this court's previous reversal and remand of the prior dismissal of the petitioner's third post-conviction petition. As previously pointed out, this court reversed the dismissal and remanded the case for the partied to attempt to reconstruct the record for adequate post-conviction relief review. This court further held that in the event the parties were unable to reconstruct the record, the trial court shall "allow the petitioner to file [an] amended petition for post-conviction relief relating back to his original, pro se petition, apparently filed on June, 30, 1989.

-3-

Proceedings on the amended petition must then begin anew." <u>Raymond O. Jackson</u>, 1998 WL 30255, at *1.

The record reflects that the trial court gave the petitioner over 19 months to either reconstruct the record or to file an amended petition. In addition, the trial court set the case for a hearing on 23 occasions. At the October 1, 1999 hearing, the petitioner's counsel stated that any amended petition would be filed by October 5, 1999. Counsel for the petitioner then sent the court a letter dated October 25, 1999, again requesting additional time to file an amended petition. The trial court allowed the extension of time. A hearing on the forthcoming petition was set for November 5, 1999. However, on November 3, 1999, the trial court ultimately dismissed the case because the petitioner had still failed to file an amended petition. In its order, the trial court stated that it had extended every opportunity to the petitioner to file an amended petition, and that the petitioner had failed to comply with its orders and with the remand of this court.

When we review the dismissal of a post-conviction petition, we must affirm the trial court's dismissal unless the record preponderates against the dismissal. <u>Black v. State</u>, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). After reviewing the record before us, we agree with the trial court that the petitioner has been afforded ample opportunity to file an amended petition for post-conviction relief. In addition, considering that the trial court gave the petitioner over 19 months to file his amended petition, and given the current one-year statute of limitations for filing post-conviction petitions, or motions to reopen prior petitions, the trial court gave the petitioner more than a reasonable time to file such amended petition. <u>See</u> Tenn. Code Ann. § 40-30-202(a). Therefore, the petitioner has failed to show how the record preponderates against the trial court's dismissal.

### **Conclusion**

After review, we affirm the trial court's dismissal of the petitioner's petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE